17-1366-cv
*Banyai v. Berryhill*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 30ᵗʰ day of April, two thousand nineteen.

Present:    ROBERT A. KATZMANN,
                     *Chief Judge*,
            JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
                     *Circuit Judges*.

_____

KENNETH BANYAI,

                     *Plaintiff-Appellant*,

                     v.                                              No. 17-1366-cv

NANCY A. BERRYHILL, Acting Commissioner of
Social Security,

                     *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          SPENCER L. DURLAND, Timothy W. Hoover, Hodgson Russ
                                  LLP, Buffalo, New York.

For Defendant-Appellee:           JOLIE APICELLA, Varuni Nelson, Arthur Swerdloff,
                                  Assistant U.S. Attorneys *for* Richard P. Donoghue, United
                                  States Attorney for the Eastern District of New York,
                                  Brooklyn, New York.

       Appeal from an order of the United States District Court for the Eastern District of New

York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kenneth Banyai appeals from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*) entered March 3, 2017, affirming the denial of his application for disability insurance under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

Our review of the denial of disability benefits "focus[es] on the administrative ruling rather than the district court's opinion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).[2] We "review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard is "a very deferential standard of review—even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder *would have to conclude otherwise*." *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (emphasis in original). "[A]n ALJ is not required to discuss every piece of evidence submitted," and the "failure to cite specific evidence does not indicate that such evidence was not considered." *Id.*

---

[1] We commend plaintiff's counsel for their excellent briefs and argument in this case and thank them for their participation on this court's pro bono panel. Their work was in the best tradition of the legal profession, both because it was of the highest substantive caliber and because it was zealously performed on behalf of a client in need.

[2] Unless otherwise indicated, all internal citations, quotation marks, footnotes, and alterations are omitted.

2

To qualify as disabled under the Act, a claimant must establish an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). There is a five-step process to determine disability status. The claimant must first demonstrate that he is not engaged in substantial gainful activity (step one) and that he has a "severe . . . impairment" that limits his ability to work (step two). *See id.* §§ 404.1520(a)(4)(i), (ii). If his impairment is *per se* disabling under the Act, then he is entitled to disability benefits (step three). *See id.* §§ 404.1520(a)(4)(iii), (d). If not, the Commissioner considers whether the claimant has sufficient "residual functional capacity" to return to past relevant work (step four). *Id.* § 404.1520(a)(4)(iv). If the claimant is too impaired to return to past relevant work, the burden shifts to the Commissioner in the fifth step to show that jobs that the claimant could perform exist in significant numbers in the national economy. *See id.* §§ 404.1520(a)(4)(v), 404.1560(c). To be entitled to disability insurance benefits, claimants must demonstrate that they became disabled while they met the Act's insured status requirements. 42 U.S.C. § 423(a)(1)(A), (c)(1).

Banyai applied for disability insurance and social security income benefits in May 2009. An examiner from the Disability Determinations of the New York State Office of Temporary and Disability Assistance investigated his case and granted his SSI application, finding that he had a mental disability, but denied his disability insurance claim, finding insufficient evidence that he was disabled on December 31, 1999, his date last insured.

Banyai requested a hearing before an ALJ to contest the denial of his disability benefits. Following a hearing, the ALJ upheld the examiner's conclusion. Under step two of the disability inquiry, *see supra*, the ALJ found that Banyai was not impaired before his date last insured. The Appeals Council denied Banyai's request for review. Banyai challenged the ALJ's decision in a

3

complaint filed with the district court in October 2012 and in March 2017 the district court upheld that ALJ's decision. This timely appeal followed.

On appeal, Banyai first argues that substantial evidence does not support the ALJ's conclusion that he was not impaired before his date last insured. Banyai relies on a set of 1989 reports that were associated with his special education during high school. We agree with the district court that this evidence does not necessarily establish an impairment. First, the school psychologist administered only nine of the eleven intelligence quotient ("IQ") tests and Banyai's scores varied so widely that they are unreliable. Moreover, even if the scores are reliable, the tests do not measure impairment in everyday functioning. Second, these general observations do not appear to be formal diagnoses. A reasonable person could find that these non-diagnostic suggestions from 1989 do not sufficiently "establish," 20 C.F.R. § 404.1521, that Banyai was impaired while he was insured under the Act.

Next, Banyai contends that the ALJ erred by not complying with the process laid out in Social Security Ruling 83-20 ("SSR 83-20") for determining a disability's onset date. Once published, these rulings are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). *See Heckler v. Edwards,* 465 U.S. 870, 873 n.3 (1984). SSR 83-20 recognizes that medical records may not always "establish[] the precise date an impairment became disabling," in which case, "it will be necessary to infer the onset date." SSR 83-20, 1983 WL 31249 (S.S.A. 1983). Such an inference, however, is a second-best solution, so SSR 83-20 requires that, "[i]f there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made." *Id.* Absent such records, the ALJ must infer the onset date, but that inference "must have a legitimate medical basis." *Id.* To this end, SSR 83-20 states that, "[a]t the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred." *Id.*

4

Banyai therefore argues that SSR 83-20 required the ALJ to do more to obtain medical records from the corrections facilities in which Banyai was held from 1993 to 1999 and, if the ALJ could not obtain them or if they did not establish an onset date, consult with a medical expert to establish a legitimate medical basis for an inferred onset date.

However, if an ALJ has sufficient information to decide that a claimant's disability had not begun by the date last insured—here December 31, 1999— then there is no need to continue gathering evidence. *See Eichstadt v. Astrue*, 534 F.3d 663, 667 (7th Cir. 2008) ("The ALJ in this case found that Eichstadt was not disabled at any point before December 31, 1987. With no finding of disability, there was no need to determine an onset date."). The ALJ affirmatively found that "[t]he claimant was not under a disability . . . at any time from . . . the alleged onset date through . . . the date last insured." App. at 5. As the district court explained at length, substantial evidence, particularly Banyai's work history, supports this conclusion. The ALJ was therefore not required to obtain further medical records or consult with an expert.

We have considered all of plaintiff's remaining contentions and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK

5